**Dwight Morrow HENLEY, II, Plaintiff–Appellant,**

v.

**Terry PITCHER, Warden, in his official and individual capacity, et al., Defendants–Appellees.**

No. 01–1311.

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2001.

Before BATCHELDER and COLE, Circuit Judges; GWIN, District Judge.*

* The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

Dwight Morrow Henley, II, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, the record reflects that Henley was a plaintiff in *La-Coss, et al. v. Engler, et al.,* No. 1:99cv809 (W.D.Mich. Oct. 14, 1999) (a civil rights action), and *Davis v. Michigan Dep't of Corr.,* No. 222478 (Mich.Ct.App. Oct. 27, 2000) (a state mandamus action), each of which challenged Michigan prison officials' attempt to alter the property policy regarding prisoner personal clothing. The *LaCoss* case was eventually dismissed for failure to state a claim because the court concluded, in part, that the plaintiffs had no liberty interest in purchasing and possessing their own clothes. A panel of this court affirmed the district court's judgment. *LaCoss v. Engler,* No. 00-1258, 2000 WL 1679482 (6th Cir. Nov.1, 2000). In addition, the mandamus action was dismissed because the prisoner clothing issue was to be litigated through an already pending case.

In the current case, Henley sued numerous Michigan state prison officials in their individual and official capacities, seeking monetary relief and equitable relief. Henley claimed that the defendants reclassified him and transferred him to another prison in retaliation for filing the above-mentioned state mandamus action. Upon review, the district court dismissed the complaint as to several of the defendants for failure to state a claim. Thereafter, a magistrate judge concluded that Henley had failed to establish a causal connection between his protected conduct and the decision to transfer him, and recommended that the court grant summary judgment to the defendants. Over Henley's objections, the district court determined that Henley's allegations suggested a "causal connection," but the court concluded that he had not engaged in protected conduct because his underlying claim lacked merit. Hence, it granted summary judgment to the defendants.

Henley has filed a timely appeal, reasserting his claim. He also argues that: 1) the court improperly considered the dismissal of *LaCoss* because his current complaint is based on the defendant's alleged retaliation following his decision to file the state mandamus action, and because the state mandamus action is not meritless; and 2) the court improperly based its decision on *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000), because the Sixth Circuit's decision misinterpreted the Supreme Court's ruling in *Lewis v. Casey,* 518 U.S. 343, 353, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Henley also maintains that, if this court were to affirm for reasons other than those stated by the district court, he should first be permitted to submit a brief addressing the proposed reasons for affirming.

Upon review, we conclude that the district court properly granted summary judgment to the defendants. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). Henley has not stated a retaliation claim, *See Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999), because he was not engaged in protected conduct. *See Herron,* 203 F.3d at 415. Henley's underlying claim lacks merit no matter whether the district court referenced *La-Coss* or the state mandamus action, because prisoners have no liberty interest in wearing personal clothing, as being required to wear state-issued clothing is not an atypical and significant hardship. *See*

*Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

We reject Henley's remaining arguments on appeal. This court is bound by the prior decisions of another panel on the same issues. *Groves v. Ring Screw Works,* 882 F.2d 1081, 1086 (6th Cir.1989). In addition, although not done in this instance, this court can affirm a district court's judgment on any grounds supported by the record, even though they may be different from the grounds relied on by the district court, *City Mgmt. Corp. v. U.S. Chem. Co., Inc.,* 43 F.3d 244, 251 (6th Cir.1994), and it would not be required to permit an appellant to file a brief addressing those grounds prior to issuing such an order.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.